**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO. 5:20-CV-00092-KDB-DSC**

| | | |
|---|---|---|
| **DONALD E. SPARKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **v.** | ) | **AND** |
| | ) | **RECOMMENDATION** |
| **IREDELL-STATESVILLE BOARD OF** | ) | |
| **EDUCATION et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendants' "Motion to Dismiss" (Document #10) and the parties' briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion be <u>granted</u> as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Accepting the factual allegations of the Complaint, Document #1, as true, Plaintiff Donald Sparks, a white male, worked for the North Carolina Public School System for thirty-four years. <u>Id.</u> at 2. He had been employed as a teacher and assistant football coach at Statesville High School ("SHS") for five years when he applied for the Athletic Director ("AD") position. <u>Id.</u> at 2. Plaintiff was fifty-five years old at the time. <u>Id.</u> at 4.

In June 2018, Plaintiff interviewed for the AD position at SHS. Id. at 2. He performed well in the interview and scored higher than the African American male who was ultimately hired. Id. at 2. Unlike the interviews with the other five candidates, Defendant Hans Lassiter, the former principal of SHS, did not participate in Plaintiff's interview. Id. at 2. Lassiter did not provide Plaintiff with an exit interview or tour of the school. Id. at 2.

In July 2018, Plaintiff was not selected for the position. Id. at 3. Lassiter refused to speak with him about the hiring process until they had a meeting in late September 2018. Id. at 3. At the meeting, Lassiter informed Plaintiff that he was passed over "not because he was white," but because he "was going to retire." Id. at 4-5.

On November 2, 2018, Plaintiff placed a copy of his written grievance for unlawful discrimination in Lassiter's school mailbox. Id. at 6. On November 13, 2018, Plaintiff provided names of witnesses to Defendant Dr. Alvera Lesane, Associate Superintendent of Human Resource Services, but she did not follow up or conduct interviews. Id. at 6.

On January 9, 2019, Plaintiff, Lesane, and Superintendent Brady Johnson attended a grievance review meeting, which was held "well over 30 days as promised by Defendant Lesane." Id. at 6-7. At the meeting, Plaintiff learned that Defendant Iredell-Statesville Board of Education ("school board") found no evidence of unlawful discrimination and declined to uphold his grievance. Id. at 6-7. The school board waited twenty days to convey its decision to Plaintiff. Id. at 7. Plaintiff alleges that he "was not given sufficient notice of the outcome of this meeting in a timely manner, in violation of law." Id. at 7.

On January 29, 2019, Plaintiff submitted a written notice of appeal from the grievance review meeting to the school board. Id. at 7. On January 31, 2019, he retired from the Iredell-Statesville School District. Id. at 7.

On March 7, 2019, the school board held a hearing. <u>Id.</u> at 8. By a two to one vote, the school board found that "[t]he administrative record as a whole does not provide sufficient evidence to justify the decision of the superintendent in this matter." <u>Id.</u> at 8.

On March 20, 2019, Plaintiff received a letter from the school board regarding its decision. <u>Id.</u> at 8. The school board failed to send the letter within ten days of the hearing, "in violation of Grievance Procedures." <u>Id.</u> at 8.

On July 22, 2019, Plaintiff learned that he would not be the Assistant Football Coach at SHS in Fall 2019, even though Principal Jenkins had promised him the job in January 2019. <u>Id.</u> at 9.

On July 9, 2020, Plaintiff filed this action in the United States District Court for the Western District of North Carolina. The Complaint alleges claims for (1) negligent infliction of emotional distress, (2) wrongful discharge in violation of public policy, and violations of (3) procedural due process under 42 U.S.C. § 1983, (4) substantive due process under 42 U.S.C. § 1983, and (5) equal protection under 42 U.S.C. § 1983.

Defendants Lesane and the school board have moved to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. In his Response to Defendants' Motion to Dismiss, Plaintiff alleges a cause of action for breach of contract that was not contained in his Complaint.

## II. <u>DISCUSSION</u>

### A.    <u>Standard of Review</u>

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations

must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to

4

infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

**B.      Official Capacity Claims Against Lesane**

Lawsuits against governmental employees in their official capacities represent "another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Official capacity suits are treated as suits against the entity. Id. Since Plaintiff has sued the school board, the official capacity claims against Lesane are duplicative of claims against the school board and should be dismissed. Accordingly, the undersigned respectfully recommends that Defendants' Motion to Dismiss with respect to the official capacity claims against Lesane be granted.

**C.      Section 1983 Claims Against Defendant School Board – Counts I-III**

Plaintiff seeks damages for violations of his civil rights under 42 U.S.C. § 1983 alleging an unfair hiring process for the AD position at SHS. He also brings three claims against the

school board under § 1983 based upon procedural due process, substantive due process, and equal protection.

In order to prevail under § 1983, Plaintiff must (1) show that he was deprived of a right secured by the Constitution or laws of the United States and (2) set forth sufficient factual allegations to show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988) (to state a § 1983 claim, plaintiff must "allege the violation of a right secured by the Constitution and the laws of the United States"). Furthermore, 42 U.S.C. § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those part of the United States Constitution." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979).

Plaintiff invokes the Fifth and Fourteenth Amendments of the United States Constitution in support of his procedural due process and substantive due process claims. He invokes the Fourteenth Amendment of the United States Constitution in support of his equal protection claim. He also invokes Article I of the North Carolina Constitution in support of his Section 1983 claims.

### a. Procedural Due Process

The Due Process Clause guarantees that "[n]o person shall be . . . deprived of life, liberty, property without due process of law." U.S. Const. amend. X, XIV. To state a claim for a procedural due process violation, Plaintiff must show "(1) a cognizable liberty or property interest; (2) the deprivation of that interest by some form of state action; and (3) that the procedures employed were constitutionally inadequate." Shirvinski v. U.S. Coast Guard, 673 F.3d 308, 314 (4th Cir. 2012). When the Due Process Clause is invoked, courts must determine,

as a threshold matter, the "precise nature of the private interest that is threatened." Lehr v. Robinson, 463 U.S. 248, 256 (1983).

"The North Carolina Supreme Court interprets North Carolina's law of the land clause and the federal due process clause synonymously." Frye v. Brunswick Cty. Bd. of Educ., 612 F. Supp. 2d 694, 705 (E.D.N.C. 2009). For procedural due process questions arising under the North Carolina Constitution, courts follow the same analysis as under the United States Constitution. Johnston v. State, 735 S.E.2d 859, 877 (N.C. Ct. App. 2012). First, the court determines whether the State has interfered with a liberty or property interest. Id. Second, the court determines whether the "procedures attendant upon that deprivation were constitutionally sufficient." In re W.B.M., 690 S.E.2d 41, 48 (N.C. Ct. App. 2010).

Plaintiff has not sufficiently plead any allegation of a cognizable liberty or property interest to support his procedural due process claim. In his Complaint, he alleges that he had a property and liberty interest in his public education employment. But, even assuming Plaintiff had an employment contract granting him a property right to continued employment, his own allegations show the school district did not terminate him. He voluntarily retired. Due Process only requires that "an employee who has a constitutionally protected property interest in his employment" receive a pre-termination hearing. See Board of Regents v. Roth, 408 U.S. 564, 569-570 (1972); Perry v. Sindermann, 408 U.S. 593, 599 (1972).

Here, the school board did not owe Plaintiff a pre-termination hearing when he was not terminated. Even so, the school board provided Plaintiff with a grievance review process and a hearing. The school board owed Plaintiff nothing more. His broadly characterized liberty and property interests fail to adequately describe the precise liberty and property interests at stake. Plaintiff alleges that he was denied a fair and impartial interview, hearing, and opportunity to

present his side of the interview. However, these allegations are conclusory and fail to show a cognizable deprivation of a recognized property or liberty interest without due process of law. For these reasons, the undersigned respectfully recommends that Defendants' Motion to Dismiss with respect to this claim be <u>granted</u>.

      **b.**        **Substantive Due Process**

Plaintiff incorporates the allegations for his procedural due process claim and adds that he "had a property interest in the educational jobs and job opportunities at SHS regarding the AD position."

Substantive due process prohibits the government from infringing upon certain fundamental liberty interests "regardless of the fairness of the procedures used to implement them." <u>Cnty. of Sacramento v. Lewis</u>, 523 U.S. 833, 840 (1998). For substantive due process purposes, the Due Process Clause protects fundamental rights and liberties that are "deeply rooted in this Nation's history and tradition and implicit in the concept of ordered liberty." <u>Washington v. Glucksberg</u>, 521 U.S. 702, 721 (1997). "Unlike rights subject to procedural due process protection, which arise from sources other than the Constitution, substantive due process rights arise solely from the Constitution." <u>Huang v. Bd. of Governors of Univ. of N.C.</u>, 902 F.2d 1134, 1142 n. 10 (4th Cir.1990).

The Fourth Circuit has held that a right to continued employment for public employees is not a right "properly subject to substantive due process review." <u>Id.</u> A public employee's right to his position, "if it exists, is essentially a state law contract right, not a fundamental interest embodied in the Constitution." <u>Id.</u>

Plaintiff has failed to allege that his right to continued employment, if any, is a fundamental one arising from the Constitution. His right to a position in the Iredell-Statesville

School District is a state law contract right, not a fundamental interest. Moreover, this Court rejects Plaintiff's claim of a substantive property interest with respect to procedural protections. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985) (recognizing that "[t]he categories of substance and procedure are distinct").

Likewise, Plaintiff's conclusory allegations that Defendants' conduct is "so egregious that [it] 'shock[s] the conscience' or offends a 'sense of justice'" fail to meet the high standard required for a substantive due process violation. In the absence of allegations that Defendants violated a fundamental interest "deeply rooted in this Nation's history and tradition," Plaintiff's substantive due process claim necessarily fails. Accordingly, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted.

c.      Equal Protection

In order to state an equal protection claim, Plaintiff must allege that (1) he has been "treated differently from others with whom he is similarly situated" and (2) the "unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). The Equal Protection Clause of the North Carolina Constitution "is functionally equivalent to the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States." White v. Pate, 304 S.E.2d 199, 203 (N.C. 1983). Hence, the same factual allegations are required. See J.W. v. Johnston Cty. Bd. of Educ., No. 5:11-CV-707-D, 2012 WL 4425439, at *8 (E.D.N.C. Sept. 24, 2012); In re Battle, 601 S.E.2d 253, 255-56 (N.C. Ct. App. 2004).

Plaintiff cannot rely on conclusory allegations that "[D]efendants treated him differently than persons similarly situated." J.W. v. Johnston Cty. Bd. of Educ., No. 5:11-CV-707-D, 2012 WL 4425439, at *8 (E.D.N.C. Sept. 24, 2012). Rather, Plaintiff must allege facts "sufficient to

identify actual persons who were similarly situated but treated differently." Id. Plaintiff must also allege specific facts to show that Defendants' unequal treatment was intentionally or purposefully done to discriminate against him. See Morrison, 239 F.3d at 654.

The Court finds that the incidents cited by Plaintiff in his Complaint and attached documents are not sufficient to form the basis for an equal protection claim. He relies on conclusory allegations that similarly situated persons within the interview process were treated differently than him. But Plaintiff fails to allege how he was treated differently than similarly situated employees and interview candidates. In other parts of the Complaint, he alleges that Mr. Lassiter was not present for the interview and did not provide him with an exit interview or tour of the school. Even so, this conduct does not arise to a violation of Equal Protection. Plaintiff does not show what specific unequal treatment amounted to an Equal Protection violation other than alleging "the actions and omissions of the Defendants exhibited a deliberate intent to discriminate." He fails to allege that he was a member of a protected class or that a fundamental right was violated for Defendants' actions to be subjected to stricter scrutiny. Defendants' actions would survive rational basis review. Accordingly, the undersigned respectfully recommends that Defendants' Motion to Dismiss with respect to this claim be granted.

### D. Governmental Immunity – Counts IV and V

The school board contends that it has not waived its governmental immunity with respect to the state law claims for negligent infliction of emotional distress and wrongful discharge in violation of public policy.

In North Carolina, governmental immunity bars suits against "the state, its counties, and its public officials sued in their official capacity." Herring v. Winston-Salem/Forsyth County Bd. of Educ., 529 S.E.2d 458, 461 (N.C. Ct. App. 2000). County and city boards of education are

considered governmental agencies. <u>Overcash v. Statesville City Bd. of Educ.</u>, 348 S.E.2d 524, 526 (N.C. Ct. App. 1986); <u>see also Hallman v. Charlotte-Mecklenburg Bd. of Educ.</u>, 477 S.E.2d 179, 180 (N.C. Ct. App. 1996).

Therefore, a local board of education remains immune from tort actions unless it waives immunity by purchasing liability insurance. N.C. Gen. Stat. § 115C-42. <u>See Ripellino v. North Carolina Sch. Bds. Assoc.</u>, 581 S.E.2d 88, 92 (N.C. Ct. App. 2003). A local board of education may participate in the North Carolina School Boards Trust ("Trust") without waiving its governmental immunity. <u>See Willett v. Chatham County Bd. of Educ.</u>, 625 S.E.2d 900, 901-02 (N.C. Ct. App. 2006); <u>Ripellino</u>, 581 S.E.2d at 92-93.

Applying those legal principles to the facts alleged here, the school board has not waived its governmental immunity. Mere participation in the Trust alone does not waive governmental immunity as Plaintiff contends. <u>See Willett</u>, 625 S.E.2d at 901-02; <u>Ripellino</u>, 581 S.E.2d at 92-93; <u>Lucas v. Swain Cty. Bd. of Educ.</u>, 573 S.E.2d 538, 542 (N.C. Ct. App. 2002). The school board did not purchase liability insurance. Instead, it only received the coverage provided by its participation in the Trust, as set out in the North Carolina School Boards Coverage Agreement. The Court finds that the school board has not waived its governmental immunity pursuant to N.C. Gen. Stat. § 115C-42. Accordingly, the undersigned respectfully recommends that Defendants' Motion to Dismiss with respect to these claims be <u>granted</u>.

        **E.**       **<u>Wrongful Discharge in Violation of Public Policy – Count V</u>**

Plaintiff alleges that the school board discriminated against him based upon his age and as a result of the "illegal nature of the interview and review proceedings," he was constructively discharged from his job in violation of public policy.

In North Carolina, "absent an employment contract for a definite period of time," employees are at-will and may "terminate their association at any time and without reason." Gravitte v. Mitsubishi Semiconductor Am., Inc., 428 S.E.2d 254, 258 (N.C. Ct. App. 1993). North Carolina courts have recognized a limited exception to the employment at-will doctrine for an employee "discharged for an unlawful reason or purpose" that violates public policy. Coman v. Thomas Mfg. Co., 381 S.E.2d 445, 447 (N.C. 1989). This exception does not apply to employees who voluntarily resign from employment. Gravitte, 428 S.E.2d at 258.

Moreover, North Carolina courts only recognize this limited public policy exception for actual, rather than constructive discharges. See, e.g., Clark v. United Emergency Servs., Inc., 189 N.C. App. 787, 2008 WL 1723229, at *4 (N.C. Ct. App. 2008) (refusing to recognize the exception for constructive discharges); Beck v. City of Durham, 573 S.E.2d 183, 190 (N.C. Ct. App. 2002) ("North Carolina courts have yet to adopt [the] tort [of wrongful constructive discharge]"); Mosley v. Bojangles' Restaurants, Inc., No. 1:03CV00050, 2004 WL 727033, at *11 (M.D.N.C. Mar. 30, 2004) (rejecting Plaintiff's claim for wrongful constructive discharge in violation of the public policy). Even if North Carolina courts recognized a claim for wrongful constructive discharge, the tort "arises only in the context of employment at will." See Wagoner v. Elkin City Schs. Bd. of Educ., 440 S.E.2d 119, 125 (N.C. Ct. App. 1994); Hooper v. North Carolina, 379 F. Supp. 2d 804, 814 (M.D.N.C. 2005) ("A claim for wrongful discharge is a tort claim and may be asserted only in the at-will employment context.").

Public school teachers in North Carolina are not employed at will. See N.C. Gen. Stat. §§ 115C-325, 325.3, 325.4. Under North Carolina law, teachers either enjoy career status or are employed under contract and may only be dismissed for cause. Id. Plaintiff is a teacher employed by the Iredell-Statesville School District. He did not allege whether he was under contract or had

career status. Regardless, Plaintiff was not an at-will employee. Therefore, he cannot assert a wrongful discharge claim.

Likewise, Plaintiff does not allege specific facts to show that that he was constructively discharged from employment. He voluntary retired in January 2019. Plaintiff does not allege specific facts to support a finding that he was forced to retire or retired under duress. Plaintiff also fails to allege specific facts to show that the school board "deliberately ma[de] [his] working conditions intolerable." Doyle v. Asheville Orthopaedic Associates, P.A., 557 S.E.2d 577, 579 (N.C. Ct. App. 2001). Accordingly, the undersigned respectfully requests that Defendants' Motion to Dismiss with respect to this claim be granted.

**F.    Qualified Immunity – Counts I-III**

Qualified immunity shields government officials "from liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009). Qualified immunity does not protect a government official from liability if defendant committed a constitutional violation and if the right violated was "clearly established." Gregg v. Ham, 678 F.3d 333, 338-39 (4th. Cir. 2012).

In this instance, Plaintiff alleges that Lesane did not conduct a thorough review of his grievance and delayed the grievance process. This allegation falls far short of violating Plaintiff's constitutional rights. He identifies no case law that suggests a mere delay in the grievance process amounts to a constitutional violation. Plaintiff likewise fails to allege that the right to a thorough review of his grievance without delay is a "clearly established" constitutional right. Qualified immunity protects Lesane in her individual capacity from liability. Accordingly, the

undersigned respectfully recommends that Defendants' Motion to Dismiss with respect to Lesane's individual capacity claims[1] be <u>granted</u>.

## III. <u>ORDER</u>

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants' "Motion to Dismiss" (Document #10) be **GRANTED**.

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

---

[1] Lesane is not named in her individual capacity in Counts IV and V.

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Kenneth D. Bell.

**SO ORDERED AND RECOMMENDED**.

Signed: January 25, 2021

David S. Cayer
United States Magistrate Judge