IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:20-CV-00092-KDB-DSC

| | |
|---|---|
| **DONALD E. SPARKS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**IREDELL-STATESVILLE BOARD OF EDUCATION et al.,**<br><br>**Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on Defendants Iredell-Statesville Board of Education's and Alvera J. Lesane's ("Defendants") Motion to Dismiss (Doc. No. 10), the Memorandum and Recommendation of the Honorable Magistrate Judge David S. Cayer ("M&R") entered January 25, 2021 (Doc. No. 15), and Plaintiff Donald E. Sparks's Objection to the M&R (Doc. No. 17). The Court has carefully considered the Motion to Dismiss, Plaintiff's Objections, and the parties' briefs and exhibits on record in this action. The Court concludes after its *de novo* review that the recommendation to grant Defendants' Motion to Dismiss is correct and in accordance with the law. Therefore, the findings and conclusions of the Magistrate Judge will be **ADOPTED** and the Motion to Dismiss will be **GRANTED.**

## I. LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations

1

to which objection is made." 28 U.S.C. § 636(b)(1). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, the Court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."*Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The court, however, "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Id.* Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II. DISCUSSION

In this action, Plaintiff, a former teacher and assistant football coach at Statesville High School, claims that the Defendants violated his rights and forced him to retire through a faulty hiring process for the Athletic Director position at Statesville High School. He alleges claims for (1) negligent infliction of emotional distress, (2) wrongful discharge in violation of public policy, and violations of (3) procedural due process under 42 U.S.C. § 1983, (4) substantive due process under 42 U.S.C. § 1983, and (5) equal protection under 42 U.S.C § 1983.

The first ten pages of Plaintiff's objections are under the heading "Specific Objections to Proposed Findings of Fact." (Doc. No. 17, at 2-12). Plaintiff objects to the M&R on the grounds "that there are a number of specific facts, that are discussed in the verified Complaint and Exhibits, that are not mentioned" in the M&R's "Factual Background and Procedural History" section. *Id.* at 2. He does not argue that the factual recitation contained in the M&R is incorrect, but only that it is "lacking in completeness." *Id.*

The Magistrate Judge included a brief and accurate summary of the factual allegations contained in the Complaint. The Court was not required to recite in its M&R the entirety of Plaintiff's Complaint and exhibits. Moreover, this Court has reviewed Plaintiff's Complaint in its entirety and finds that none of Plaintiff's objections to the recitation of the factual allegations in the Complaint would alter the Magistrate Judge's or this Court's analysis or legal conclusions. Thus, the Court has considered Plaintiff's objections to the recitation of facts in the M&R but overrules his objections.

After an independent review of Plaintiff's remaining objections to the M&R and a *de novo* review of the full record, the Court concludes that the recommendation to grant Defendants' Motion to Dismiss is correct and in accordance with law. Plaintiff's objections are a repackaging

of the arguments contained in his response to Defendants' Motion to Dismiss, which the Magistrate Judge fully and properly considered when issuing his M&R. For the reasons stated in the M&R as well as Defendants' briefs, the findings and conclusions of the Magistrate Judge will be adopted and Defendants' Motion to Dismiss granted.

### III. ORDER

**IT IS THEREFORE ORDERED** that:

1. The Court adopts the findings and conclusions of the M&R and accepts its recommendation to grant Defendants' Motion to Dismiss;

2. Defendants' Motion to Dismiss (Doc. No. 10) is **GRANTED**; and

3. The Plaintiff's claims against Defendants are dismissed with prejudice.

**SO ORDERED.**

Kenneth D. Bell
United States District Judge